TO: Clerk's Office
**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

APPLICATION FOR LEAVE
TO FILE DOCUMENT UNDER SEAL

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*
IN THE MATTER OF THE SEARCH OF
A CERTAIN CELLULAR TELEPHONE

20-MC-152
Docket Number

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

SUBMITTED BY: Plaintiff____ Defendant____ DOJ ✓
Name: AUSA Michael W. Gibaldi
Firm Name:
Address: U.S. Attorney's Office, EDNY
271A Cadman Plaza East, Brooklyn NY 11201
Phone Number: (718) 254-6067
E-Mail Address: michael.gibaldi@usdoj.gov

INDICATE UPON THE PUBLIC DOCKET SHEET: YES____ NO ✓
**If yes, state description of document to be entered on docket sheet:**

**A) If pursuant to a prior Court Order:**
Docket Number of Case in Which Entered:_____
Judge/Magistrate Judge:_____
Date Entered:_____

**B) If a new application,** the statute, regulation, or other legal basis that authorizes filing under seal

Ongoing criminal investigation

**ORDERED SEALED AND PLACED IN THE CLERK'S OFFICE, AND MAY NOT BE UNSEALED UNLESS ORDERED BY THE COURT.**

DATED: Brooklyn                    , NEW YORK
January 16, 2020

_____
~~U.S. DISTRICT JUDGE~~/U.S. MAGISTRATE JUDGE

RECEIVED IN CLERK'S OFFICE January 16, 2020
                                                DATE

**MANDATORY CERTIFICATION OF SERVICE:**
**A.)** ___ A copy of this application either has been or will be promptly served upon all parties to this action, **B.)** ___ Service is excused by 31 U.S.C. 3730(b), or by the following other statute or regulation: _____; or **C.)** ✓ This is a criminal document submitted, and flight public safety, or security are significant concerns. (Check one)

January 16, 2020                    _____
DATE                                SIGNATURE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN THE MATTER OF THE SEARCH OF THE CELLULAR TELEPHONE ASSIGNED CALL NUMBER 518-816-5156 | **TO BE FILED UNDER SEAL**<br><br>**APPLICATION FOR PROSPECTIVE LOCATION INFORMATION**<br><br>No. 20-MC-152 |

**AFFIDAVIT IN SUPPORT OF**
**AN APPLICATION FOR A SEARCH WARRANT**

I, KIERAN KEENAGHAN, being first duly sworn, hereby depose and state as follows:

**INTRODUCTION AND AGENT BACKGROUND**

1. I make this affidavit in support of an application for a search warrant under Federal Rule of Criminal Procedure 41 and 18 U.S.C. §§ 2703(c)(1)(A) for information about the location of the cellular telephone assigned call number 518-816-5156 (the "TARGET CELL PHONE"), whose service provider is T-Mobile US, Inc., a wireless telephone service provider headquartered at Parsippany, New Jersey. The TARGET CELL PHONE is described herein and in Attachment A, and the location information to be seized is described herein and in Attachment B.

2. Because this warrant seeks the prospective collection of information, including cell-site location information, that may fall within the statutory definitions of information collected by a "pen register" and/or "trap and trace device," see 18 U.S.C. § 3127(3) & (4), the requested warrant is designed to also comply with the Pen Register Act.

See 18 U.S.C. §§ 3121–3127. The requested warrant therefore includes all the information required to be included in an order pursuant to that statute. See 18 U.S.C. § 3123(b)(1).

3. I am a Detective and Task Force Officer assigned to ATF and the New York City Police Department ("NYPD") Joint Robbery Task Force. I have been a Detective with the NYPD since 1999. I have been a Task Force Officer with the ATF/NYPD Joint Robbery Task Force since 2014. I have been involved in the investigations of numerous cases involving Hobbs Act robberies and related firearms offenses. Through my training, education and experience, I have become familiar with the manner in which evidence of robberies are commonly stored and the manner in which fugitives hide, as well as the uses and capabilities of cellular phones. I have also participated in the execution of search warrants involving evidence of robberies, including searches of electronic devices.

4. The facts in this affidavit come from my personal observations, my training and experience, and information obtained from other agents and witnesses. This affidavit is intended to show merely that there is sufficient probable cause for the requested warrant and does not set forth all of my knowledge about this matter.

5. Based on the facts set forth in this affidavit, there is probable cause to believe that DARNELL LEONARD has violated Title 18, United States Code, Section 1951(a) (Hobbs Act robbery conspiracy). LEONARD was charged with this crime in the Eastern District of New York on January 14, 2020, and is the subject of an arrest warrant issued on that same date. See 20-MJ-46. There is also probable cause to believe that the location information described in Attachment B will assist law enforcement in arresting LEONARD, who is a "person to be arrested" within the meaning of Federal Rule of Criminal Procedure 41(c)(4).

6. The court has jurisdiction to issue the proposed warrant because it is a "court of competent jurisdiction" as defined in 18 U.S.C. § 2711. Specifically, the Court is a district court of the United States that has jurisdiction over the offense being investigated. See 18 U.S.C. § 2711(3)(A)(i).

## PROBABLE CAUSE

7. On January 14, 2020, Your Honor signed a warrant commanding the arrest of DARNELL LEONARD for a violation of Title 18, United States Code, Section 1951(a) (Hobbs Act robbery conspiracy).

8. In or about December 2019, NYPD Detective Raymond McCann spoke with LEONARD's sister concerning an outstanding summons for LEONARD. Detective McCann gave LEONARD's sister his cellular telephone number and asked that LEONARD's sister tell LEONARD to contact Detective McCann.

9. On December 18, 2019, at approximately 3:10 p.m., a blocked telephone number called Detective McCann and left a voicemail. In the voicemail, the caller identified himself as DARNELL LEONARD and stated, in sum and substance, that he was returning Detective McCann's call regarding an outstanding summons, and that he was currently located in Pittsburgh, Pennsylvania. The caller did not leave a callback number.

10. Toll records for Detective McCann's cellular telephone show that the above-referenced telephone call was placed by telephone number 518-816-5156 (the "TARGET CELL PHONE"). Accordingly, there is probable cause to believe that LEONARD is using the TARGET CELL PHONE.

11. In my training and experience, I have learned that T-Mobile US, Inc. is a company that provides cellular telephone access to the general public. I also know that

providers of cellular telephone service have technical capabilities that allow them to collect and generate information about the locations of the cellular telephones to which they provide service, including E-911 Phase II data, also known as GPS data or latitude-longitude data and cell-site data, also known as "tower/face information" or cell tower/sector records. E-911 Phase II data provides relatively precise location information about the cellular telephone itself, either via GPS tracking technology built into the phone or by triangulating on the device's signal using data from several of the provider's cell towers. Cell-site data identifies the "cell towers" (i.e., antenna towers covering specific geographic areas) that received a radio signal from the cellular telephone and, in some cases, the "sector" (i.e., faces of the towers) to which the telephone connected. These towers are often a half-mile or more apart, even in urban areas, and can be 10 or more miles apart in rural areas. Furthermore, the tower closest to a wireless device does not necessarily serve every call made to or from that device. Accordingly, cell-site data is typically less precise that E-911 Phase II data.

12. Based on my training and experience, I know that T-Mobile US, Inc. can collect E-911 Phase II data about the location of the TARGET CELL PHONE, including by initiating a signal to determine the location of the TARGET CELL PHONE on T-Mobile US, Inc.'s network or with such other reference points as may be reasonably available.

13. Based on my training and experience, I know that T-Mobile US, Inc. can collect cell-site data about the TARGET CELL PHONE. Based on my training and experience, I know that for each communication a cellular device makes, its wireless service provider can typically determine: (1) the date and time of the communication; (2) the telephone numbers involved, if any; (3) the cell tower to which the customer connected at the beginning of the communication; (4) the cell tower to which the customer connected at the

end of the communication; and (5) the duration of the communication. I also know that wireless providers such as T-Mobile US, Inc. typically collect and retain cell-site data pertaining to cellular devices to which they provide service in their normal course of business in order to use this information for various business-related purposes.

## AUTHORIZATION REQUEST

14. Based on the foregoing, I request that the Court issue the proposed search warrant, pursuant to Federal Rule of Criminal Procedure 41 and 18 U.S.C. § 2703(c).

15. I further request, pursuant to 18 U.S.C. § 3103a(b) and Federal Rule of Criminal Procedure 41(f)(3), that the Court authorize the officer executing the warrant to delay notice until 30 days after the collection authorized by the warrant has been completed. There is reasonable cause to believe that providing immediate notification of the warrant may have an adverse result, as defined in 18 U.S.C. § 2705. The complaint and arrest warrant for LEONARD remain under seal, and although he is aware that he is wanted by law enforcement, he is not aware of the full extent and nature of the charges and investigation. Providing immediate notice to the subscriber or user of the TARGET CELL PHONE, DARNELL LEONARD, would seriously jeopardize the ongoing investigation, as such a disclosure would give LEONARD an opportunity to avoid arrest, destroy evidence, and flee from prosecution. See 18 U.S.C. § 3103a(b)(1). As further specified in Attachment B, which is incorporated into the warrant, the proposed search warrant does not authorize the seizure of any tangible property. See 18 U.S.C. § 3103a(b)(2). Moreover, to the extent that the warrant authorizes the seizure of any wire or electronic communication (as defined in 18 U.S.C. § 2510) or any stored wire or electronic information, there is reasonable necessity for the seizure for the reasons set forth above. See 18 U.S.C. § 3103a(b)(2).

16. I further request that the Court direct T-Mobile US, Inc. to disclose to the government any information described in Attachment B that is within the possession, custody, or control of T-Mobile US, Inc. I also request that the Court direct T-Mobile US, Inc. to furnish the government all information, facilities, and technical assistance necessary to accomplish the collection of the information described in Attachment B unobtrusively and with a minimum of interference with T-Mobile US, Inc.'s services, including by initiating a signal to determine the location of the TARGET CELL PHONE on T-Mobile US, Inc.'s network or with such other reference points as may be reasonably available, and at such intervals and times directed by the government. The government shall reasonably compensate T-Mobile US, Inc. for reasonable expenses incurred in furnishing such facilities or assistance.

17. I further request that the Court authorize execution of the warrant at any time of day or night, owing to the potential need to locate the TARGET CELL PHONE outside of daytime hours.

18. I further request that the Court order that all papers in support of this application, including the affidavit and search warrant, be sealed until further order of the Court. These documents discuss an ongoing criminal investigation, the full extent of which is neither public nor known to all of the targets of the investigation. Accordingly, there is

good cause to seal these documents because their premature disclosure may seriously jeopardize that investigation.

Respectfully submitted,

_____
KIERAN KEENAGHAN
Detective/Task Force Officer
NYPD/ATF Joint Robbery Task Force

Sworn to before me this
16th day of January, 2020

_____
THE HONORABLE RAMON E. REYES, JR.
UNITED STATES MAGISTRATE JUDGE
EASTERN DISTRICT OF NEW YORK

# ATTACHMENT A

## Property to Be Searched

1. The cellular telephone assigned call number 518-816-5156 (the "TARGET CELL PHONE"), whose service provider is T-Mobile US, Inc., a wireless telephone service provider headquartered at Parsippany, New Jersey.

2. Records and information associated with the TARGET CELL PHONE that is within the possession, custody, or control of T-Mobile US, Inc.

## ATTACHMENT B

### Particular Things to be Seized

**I.      Information to be Disclosed by the Provider**

All information about the location of the TARGET CELL PHONE described in Attachment A for a period of thirty days, during all times of day and night. "Information about the location of the TARGET CELL PHONE" includes all available E-911 Phase II data, GPS data, latitude-longitude data, and other precise location information, as well as all data about which "cell towers" (i.e., antenna towers covering specific geographic areas) and "sectors" (i.e., faces of the towers) received a radio signal from the cellular telephone described in Attachment A

To the extent that the information described in the previous paragraph (hereinafter, "Location Information") is within the possession, custody, or control of T-Mobile US, Inc., T-Mobile US, Inc. is required to disclose the Location Information to the government.  In addition, T-Mobile US, Inc. must furnish the government all information, facilities, and technical assistance necessary to accomplish the collection of the Location Information unobtrusively and with a minimum of interference with T-Mobile US, Inc.'s services, including by initiating a signal to determine the location of the TARGET CELL PHONE on T-Mobile US, Inc.'s network or with such other reference points as may be reasonably available, and at such intervals and times directed by the government.  The government shall compensate T-Mobile US, Inc. for reasonable expenses incurred in furnishing such facilities or assistance.

This warrant does not authorize the seizure of any tangible property. In approving this warrant, the Court finds reasonable necessity for the seizure of the Location Information. See 18 U.S.C. § 3103a(b)(2).

## II. Information to Be Seized by the Government

All information described above in Section I that will assist in determining the location of DARNELL LEONARD.

Law enforcement personnel (who may include, in addition to law enforcement officers and agents, attorneys for the government, attorney support staff, agency personnel assisting the government in this investigation, and outside technical experts under government control) are authorized to review the records produced by the Provider in order to locate the things particularly described in this Warrant.